```
COURT DOCKET - MADISON COUNTY CIRCUIT CLERK

Case: 2019L 000072        TAYLOR TONYA vs BANCROFT AND SONS
Type: Tort                Judge: MUDGE WILLIAM          Jury Trial: J
From: 00/00/0000 To: 99/99/9999 All Case Entries
Filed: 1/17/2019 Status: Open Case on 1/17/2019     First Date First View

CASE PARTICIPANTS NAMES
-------------------------------
'L        TAYLOR TONYA                              ATTORNEYS
)E        BANCROFT AND SONS                         ---------
EF        JOHNSON ROBERT L                          BURGER GARY K
-------------------------------

DATE
----------
1/17/2019  PETITION COMPLIAINT Amt $50000.01 Plaintiff TAYLOR TONYA
           Defendant BANCROFT AND SONS
1/17/2019  RULE 222 AFFIDAVIT FILED BY Plaintiff TAYLOR TONYA
1/17/2019  JURY DEMAND 12 PEOPLE-NOT NEW CASE Fee $212.50 FILED BY
           Plaintiff TAYLOR TONYA
           Judge:MUDGE WILLIAM
1/17/2019  TORT - MONEY DAMAGES OVER $50,000.00 Fee $227.00 FILED BY
           Plaintiff TAYLOR TONYA
1/17/2019  MOTION FOR SPECIAL PROCESS SERVER FILED BY Plaintiff TAYLOR TONYA
1/17/2019  SUMMONS BANCROFT AND SONS FILED BY Plaintiff TAYLOR TONYA
1/17/2019  SUMMONS JOHNSON FILED BY Plaintiff TAYLOR TONYA
1/17/2019  JA Assignment Order THE HONORABLE WILLIAM MUDGE
           Document JAORDER.DOC Was Printed
1/18/2019  SUMMONS ISSUED AND SENT TO ATTY VIA ODYSSEY ISSUED
           Defendant BANCROFT AND SONS Defendant JOHNSON ROBERT L
           Document SU30DAY.DOC Not Printed
```

PAGE:      1
DATE: 2019-02-19
TIME:  14.56.58

**EXHIBIT A**

\*\*\*EFILED\*\*\*
Case Number 2019L 000072
Date: 1/17/2019 3:06 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT OF MADISON COUNTY
## THIRD JUDICIAL CIRCUIT
## STATE OF ILLINOIS

| | |
|---|---|
| TONYA TAYLOR, | ) |
| Plaintiff, | ) Case No: 2019L 000072 |
| v. | ) |
| BANCROFT AND SONS TRANSPORTATION<br>Serve: 3390 High Prairie Rd<br>Grand Prairie, TX 75050 | ) |
| AND | ) |
| ROBERT LEE JOHNSON,<br>Serve: 7786 Wooddale Ln,<br>St. Louis, MO 63121 | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff Tonya Taylor by and through her undersigned counsel, and states the following for her Complaint against Defendants Bancroft and Sons Transportation and Robert Lee Johnson:

## ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Plaintiff Tonya Taylor is a citizen and resident of Madison County, Illinois.

2. Defendant Bancroft and Sons Transportation ("BST") operates an interstate transportation business from their corporate headquarters, which can be served with process at the address referenced above. Defendant Bancroft and Sons Transportation does business as "Bancroft and Sons" on public Illinois roadways.

3. Defendant Robert Lee Johnson is a citizen and resident of St. Louis, Missouri. At all relevant times, Defendant Johnson was acting as an agent and/or employee of Defendant BST.

4.  Prior to October 6, 2017, Defendant Johnson worked as an over-the-road truck driver for Defendant BST. Defendant BST reviewed Johnson's background, sought to comply with applicable federal and state regulations in hiring and retaining Johnson as an employee, hired Johnson as an employees, trained Johnson as a driver, sought to monitor Johnson's driving of BST, directed Johnson's activities as its driver, kept track of Johnson's hours worked and location of his vehicle at all times, and paid Johnson for his work as an employee. Defendant BST trained Johnson on how to respond to a traffic collision on a roadway and how to address and react to emergency conditions, which truck drivers encounter on a daily basis on highways in the United States.

5.  On or about October 6, 2017, Plaintiff was driving westbound on Interstate 70 in Marine, Madison County, Illinois, in the right lane.

6.  On that same date and time, Defendant Johnson was driving his tractor trailer westbound on Interstate 70 in Marine, Madison County, Illinois, in the left lane, in the course and scope of his employment with Defendant BST, when he crossed the center dividing line towards the right, entered into Plaintiff's lane, and struck the rear driver side of Plaintiff's vehicle.

7.  Defendant Johnson's collision with the rear driver side of Plaintiff's vehicle caused Plaintiff's vehicle to lose control, overturn, and exit the roadway, coming to rest on the driver's side, trapping Plaintiff in the incapacitated vehicle.

8.  Defendant Johnson knew he hit Plaintiff, saw Plaintiff's vehicle lose control, flip over and exit the roadway, yet he fled the scene of the accident and continued traveling westbound after the collision.

9. When questioned by police regarding the accident, Defendant Johnson claimed that Plaintiff crossed into his lane and struck his vehicle.

10. After the police informed him that two witnesses gave statements indicating he crossed into Plaintiff's lane, and that tire marks showed the same, Defendant Johnson changed his story, stated what really happened, and "no longer denied being responsible for the crash."

11. Plaintiff was injured in this crash.

12. Venue is proper in Madison County, Illinois, pursuant to 735 ILCS 5/2-101 (1).

## COUNT I

**COMES NOW** Plaintiff, Tonya Taylor, for her claim against Defendant Robert Lee Johnson, and states as follows:

13. Plaintiff adopts and incorporates by reference the allegations set forth in paragraphs 1-12 as though fully set forth herein.

14. Plaintiff Tonya Taylor was injured because of Defendant Johnson's negligence in one or more of the following respects:

   a) Defendant failed to keep a careful lookout;

   b) Defendant improperly entered into Plaintiff's lane;

   c) Defendant failed to signal an intention to turn;

   d) Defendant failed to yield the right of way to plaintiff;

   e) Defendant failed to obtain proper training and/or education to properly operate the vehicle he was driving at the time of the accident;

   f) Defendant failed to maintain and/or inspect his vehicle to make sure that it was in proper working condition; and

      g) Defendant fled the scene of the accident despite his knowledge that Plaintiff's vehicle overturned and exited the roadway.

15. In fleeing the scene of the accident, despite his knowledge that Plaintiff's vehicle overturned and exited the roadway, Defendant acted willfully, wantonly, and with a conscious disregard for the safety of Plaintiff, who was trapped inside her vehicle, and was unable to contact emergency services to respond to the scene and transport her for emergency medical treatment.

16. As a direct and proximate result of the negligence and carelessness of Defendant Johnson described herein, Plaintiff Tonya Taylor suffered injuries and was damaged, including injuries to her head, neck, left side, left shoulder, left elbow, abdomen, hip, and back. Plaintiff underwent extensive medical care and physical therapy, and had arthroscopic surgery, subacromial decompression and subscapularis debridement on her left shoulder. Plaintiff has suffered pain in the past and will do so in the future. Plaintiff has also suffered wage loss in the past and will continue to do so in the future. As a result of the negligence of Defendant Johnson, Plaintiff has sustained, and will in the future sustain, damages for wage loss and medical bills and costs relating to medical treatment for her injuries.

**WHEREFORE,** Plaintiff Tonya Taylor prays for a judgment against Defendant Robert Lee Johnson for all of her damages in an amount determined by the jury greater than the $50,000 jurisdictional limits of this court and for any further just and proper relief.

## COUNT II

**COMES NOW** Plaintiff, Tonya Taylor, for her claim against Defendant Bancroft and Son's Transportation, and states as follows:

17. Plaintiff adopts and incorporates by reference the allegations set forth in paragraphs 1-16 as though fully set forth herein.

18. Defendant Johnson was an agent, servant, and or employee of Defendant BST, and was at all such times acting within the scope and course of his agency and employment, thus making Defendant BST liable for said actions under the doctrine of respondeat superior.

19. Plaintiff Tonya Taylor was injured because of Defendant BST's negligence, acting through its employee and agent Robert Lee Johnson, in one or more of the following respects:

   a) Defendant failed to keep a careful lookout;
   b) Defendant improperly entered into Plaintiff's lane;
   c) Defendant failed to signal an intention to turn;
   d) Defendant failed to yield the right of way to plaintiff;
   e) Defendant failed to obtain proper training and/or education to properly operate the vehicle he was driving at the time of the accident;
   f) Defendant failed to maintain and/or inspect his vehicle to make sure that it was in proper working condition; and
   g) Defendant fled the scene of the accident despite his knowledge that Plaintiff's vehicle overturned and exited the roadway.

20. In fleeing the scene of the accident, despite his knowledge that Plaintiff's vehicle overturned and exited the roadway, Defendant acted willfully, wantonly, and with a conscious disregard for the safety of Plaintiff, who was trapped inside her vehicle, and was unable to contact emergency services to respond to the scene and transport her for emergency medical treatment.

21. As a direct and proximate result of the negligence and carelessness of Defendant BST described herein, by and through its employee and/or agent Robert Johnson, Plaintiff Tonya Taylor suffered injuries and was damaged, including injuries to her head, neck, left side, left shoulder, left elbow, abdomen, hip, and back. Plaintiff underwent extensive medical care and physical therapy, and had arthroscopic surgery, subacromial decompression and subscapularis debridement on her left shoulder. Plaintiff has suffered pain in the past and will do so in the future. Plaintiff has also suffered wage loss in the past and will continue to do so in the future. Plaintiff has sustained, and will in the future sustain, damages for wage loss and medical bills and costs relating to medical treatment for her injuries.

**WHEREFORE,** Plaintiff Tonya Taylor prays for a judgment against Defendant Bancroft and Sons Transportation for all of her damages in an amount determined by the jury greater than $50,000 jurisdictional limits of this court and for any further just and proper relief.

### COUNT III

**COMES NOW** Plaintiff, Tonya Taylor, for her claim against Defendant Bancroft and Son's Transportation, and states as follows:

22. Plaintiff adopts and incorporates by reference the allegations set forth in paragraphs 1-16 as though fully set forth herein.

23. Defendant BST has a duty to exercise reasonable care in hiring and retaining persons who are fit for the position as truck driver.

24. Defendant Johnson was unfit, incompetent, and unqualified to work in his position as a truck driver by reason of his driving history, background, experience, and/or history of previous similar bad acts.

25. Defendant BST knew or should have known that Defendant Johnson was unfit, incompetent, and unqualified for his position as a truck driver so as to create a danger of harm to third persons, including but not limited to Plaintiff.

26. Defendant BST knew or should have known that Defendant Johnson was unfit, incompetent, and unqualified for his position as a truck driver at the time BST hired Johnson.

27. Defendant BST knew or should have known that Defendant Johnson was unfit, incompetent, and unqualified for his position as a truck driver during the time that BST retained Johnson as an employee and agent.

28. As a direct and proximate result of Defendant Johnson's unfitness, incompetence, and lack of qualifications as a truck driver, Defendant Johnson's truck collided into Plaintiff's vehicle, causing her injuries and damages.

29. Plaintiff's injuries were foreseeable to a person of ordinary prudence in Defendant BST's position.

30. As a direct and proximate result of Defendant BST's negligence in hiring and retaining Defendant Johnson as a truck driver, Plaintiff Tonya Taylor suffered injuries and was damaged, including injuries to her head, neck, left side, left shoulder, left elbow, abdomen, hip, and back. Plaintiff underwent extensive medical care and physical therapy, and had arthroscopic surgery, subacromial decompression and subscapularis debridement on her left shoulder. Plaintiff has suffered pain in the past and will do so in the future. Plaintiff has also suffered wage loss in the past and will continue to do so in the future. Plaintiff has sustained, and will in the future sustain, damages for wage loss and medical bills and costs relating to medical treatment for her injuries.

**WHEREFORE,** Plaintiff Tonya Taylor prays for a judgment against Defendant Bancroft and Sons Transportation for all of her damages in an amount determined by the jury greater than $50,000 jurisdictional limits of this court and for any further just and proper relief.

Respectfully submitted,

/s/Gary K. Burger
Gary K. Burger, ARDC #6212156
Genavieve M. Fikes, ARDC #6304743
BURGER LAW
500 North Broadway, Suite 1860
St. Louis, Mo 63102
Phone: (314) 542-2222
Fax: (314) 542-2229
gary@burgerlaw.com
genavieve@burgerlaw.com
*Attorneys for Plaintiff*

***EFILED***
Case Number 2019L 000072
Date: 1/17/2019 3:06 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT OF MADISON COUNTY
THIRD JUDICIAL CIRCUIT
STATE OF ILLINOIS

| | |
|---|---|
| TONYA TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>BANCROFT AND SONS TRANSPORTATION<br>    Serve: 3390 High Prairie Rd<br>           Grand Prairie, TX 75050<br><br>AND<br><br>ROBERT LEE JOHNSON,<br>    Serve: 7786 Wooddale Ln,<br>           St. Louis, MO 63121<br><br>    Defendants. | Case No: 2019L 000072<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## RULE 222 AFFIDAVIT

COMES NOW Counsel for Plaintiff, and states that the total money damages sought in this case does exceed Fifty Thousand Dollars ($50,000.00).

**FURTHER AFFIANT SAYETH NOT.**

_____
GARY K. BURGER, JR.

Subscribed and sworn before me this __17__ day of __January__, 2019.

_____
NOTARY PUBLIC

My Commission Expires:

OFFICIAL SEAL
CHRISTY GARRISON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/30/22

1

***EFILED***
Case Number 2019L 000072
Date: 1/17/2019 3:06 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

### IN THE CIRCUIT COURT OF MADISON COUNTY
### THIRD JUDICIAL CIRCUIT
### STATE OF ILLINOIS

| | |
|---|---|
| TONYA TAYLOR, | ) |
|     Plaintiff, | ) Case No: 2019L 000072 |
| v. | ) |
| BANCROFT AND SONS TRANSPORTATION | ) |
|     Serve: 3390 High Prairie Rd | ) |
|            Grand Prairie, TX 75050 | ) |
| AND | ) |
| ROBERT LEE JOHNSON, | ) |
|     Serve: 7786 Wooddale Ln, | ) |
|           St. Louis, MO 63121 | ) **JURY TRIAL DEMANDED** |
|     Defendants. | ) |

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW, Plaintiff, by and through his undersigned attorney, and moves the Court to appoint Tim Moore of ProServe, located at 6614 Clayton Road, #311, St. Louis, MO 63117 as special process server in the above captioned matter.

Respectfully submitted,

**BURGER LAW, LLC**

/s/Gary K. Burger
Gary K. Burger, ARDC #6212156
Genavieve M. Fikes, ARDC #6304743
BURGER LAW
500 North Broadway, Suite 1860
St. Louis, Mo 63102
Phone:     (314) 542-2222
Fax:     (314) 542-2229
gary@burgerlaw.com
genavieve@burgerlaw.com
*Attorneys for Plaintiff*

1

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

TONYA TAYLOR, )
)
Petitioner, )
)
Vs. ) No. 2019L 000072
)
BANCROFT AND SONS, )
)
Respondent. )

**30 DAY SUMMONS**

**To Respondent** *(list Respondent's name)*: Bancroft and Sons

**Address** *(list the address including street address, apt. # (if applicable), city, state, zipcode where the sheriff should serve the Respondent)*: 3390 High Prarie Rd., Grand Prarie TX, 75050

You are summoned and required to file an answer/response to the petition in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, not counting the day of the service. If you fail to do so, a judgment of default may be entered against you for the relief asked in the complaint/petition.

*To the Officer:*

This summons must be returned by the officer or other person to whom it was given for the service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS: 1/18/2019

/s/ Mark Von Nida

Clerk of Court

Prepared by
Print name: _____
Address: _____
Phone number: _____

1

Date of Service: _____, 20____ (to be inserted by officer on copy left with defendant or other person).

|  |  |
|---|---|
| SHERIFF'S FEES | ( Service and return......................$_____ |
|  | ( |
|  | ( Miles _____.......................$_____ |
|  | ( |
|  | ( Total............................$_____ |

_____
Sheriff of _____ County

I certify that I served this summons on defendants/respondents as follows:

a) <u>(Individual defendants-personal)</u>. (The officer or other person making service shall (a) identify as to sex, race and approximate age the defendant/respondent, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant/respondent.)

_____
_____
_____
_____

b) <u>(Individual defendants-abode)</u>. By leaving a copy of this notice at the usual place of abode of each individual defendant with a person of his family or a person residing there, of the age of 13 years or upwards, informing that person of the contents of this notice. (The officer or other person making service shall (a) identify as to sex, race and approximate age the person, other than the defendant, with whom he left this notice, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person.)

_____
_____
_____

and also by sending a copy of this notice in a sealed envelope with postage fully prepaid, addressed to the person

2

named as presumed parent in this notice at his usual place of abode as follows:

| Name of Defendant | Mailing address | Date of Mailing |
|---|---|---|
| _____ | _____ | _____, 20___ |
| _____ | _____ | _____, 20___ |

c) <u>Corporate defendants</u>. By leaving a copy and a copy of the petition with the registered agent, officer, or agent of each individual corporation as follows:

| Name of Defendant Corporation | Registered Agent, officer, or agent | Date of Service |
|---|---|---|
| _____ | _____ | _____, 20___ |
| _____ | _____ | _____, 20___ |

d) Other service:

_____

_____

*(name of county sheriff)* _____, Sheriff of _____ County

By: _____
       (Deputy)

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

TONYA TAYLOR, )
)
Petitioner, )
)
vs. ) No. 2019L 000072
)
ROBERT LEE JOHNSON, )
)
Respondent. )

## 30 DAY SUMMONS

**To Respondent** *(list Respondent's name)*: Robert Lee Johnson

**Address** *(list the address including street address, apt. # (if applicable), city, state, zipcode where the sheriff should serve the Respondent)*: 7786 Wooddale Ln., St. Louis, MO 63121

You are summoned and required to file an answer/response to the petition in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, not counting the day of the service. If you fail to do so, a judgment of default may be entered against you for the relief asked in the complaint/petition.

*To the Officer:*

This summons must be returned by the officer or other person to whom it was given for the service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS: 1/18/2019

**/s/ Mark Von Nida**

Clerk of Court

Prepared by
Print name: _____
Address: _____
Phone number: _____

1

_____

Date of Service: _____, 20____ (to be inserted by officer on copy left with defendant or other person).

|                  | ( Service and return.....................$_____ |
|------------------|------------------------------------------------------|
| SHERIFF'S FEES   | (                                                    |
|                  | ( Miles _____...................$_____ |
|                  | (                                                    |
|                  | ( Total...........................$_____ |

_____

Sheriff of _____ County

I certify that I served this summons on defendants/respondents as follows:

a) <u>(Individual defendants-personal).</u> (The officer or other person making service shall (a) identify as to sex, race and approximate age the defendant/respondent, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant/respondent.)

_____
_____
_____
_____

b) <u>(Individual defendants-abode).</u> By leaving a copy of this notice at the usual place of abode of each individual defendant with a person of his family or a person residing there, of the age of 13 years or upwards, informing that person of the contents of this notice. (The officer or other person making service shall (a) identify as to sex, race and approximate age the person, other than the defendant, with whom he left this notice, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person.)

_____
_____
_____

and also by sending a copy of this notice in a sealed envelope with postage fully prepaid, addressed to the person

named as presumed parent in this notice at his usual place of abode as follows:

| Name of Defendant | Mailing address | Date of Mailing |
|---|---|---|
| _____ | _____ | _____, 20___ |
| _____ | _____ | _____, 20___ |

c) <u>Corporate defendants</u>. By leaving a copy and a copy of the petition with the registered agent, officer, or agent of each individual corporation as follows:

| Name of Defendant Corporation | Registered Agent, officer, or agent | Date of Service |
|---|---|---|
| _____ | _____ | _____, 20___ |
| _____ | _____ | _____, 20___ |

d) Other service:

_____

_____

*(name of county sheriff)* _____, Sheriff of _____ County

By: _____
(Deputy)

3

January 18, 2019

IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

CASE NUMBER: 2019 L 000072

TONYA TAYLOR

Plaintiff(s)

VS.

BANCROFT AND SONS

Defendant(s)



## ASSIGNMENT ORDER

The above case is hereby assigned to the Honorable WILLIAM MUDGE for setting and disposition.

Clerk to send copies of this Order to the attorneys of record and any pro se party.

DATE: January 18, 2018

s/David Hylla
Chief Judge